**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MEMORIAL HERMANN | § | |
| HOSPITAL SYSTEM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-3545 |
| | § | |
| UNITEDHEALTHCARE INSURANCE | § | |
| COMPANY and UNITEDHEALTHCARE | § | |
| OF TEXAS, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Memorial Hermann Hospital System sued UnitedHealthcare Insurance Company and UnitedHealthcare of Texas, Inc. (collectively, "UnitedHealthcare") in Texas state court, alleging only state-law causes of action. (Docket Entry No. 1, Ex. 4). UnitedHealthcare removed, asserting that some or all of these causes of action are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (Docket Entry No. 1). Memorial Hermann has moved to remand, (Docket Entry No. 6); UnitedHealthcare has responded, (Docket Entry No. 8); and Memorial Hermann has replied, (Docket Entry No. 10).

Based on a careful review of the pleadings, the parties' submissions, the arguments of counsel, and the applicable law, this court denies the motion to remand. On the current record, at least some of Memorial Hermann's claims are preempted by ERISA, providing federal removal jurisdiction over those claims and supplemental jurisdiction over the state-law claims that are not preempted. The denial of this motion is without prejudice to Memorial Hermann later moving for summary judgment on the absence of ERISA preemption as to specific state-law causes of action.

No later than **January 27, 2012**, Memorial Hermann must amend its complaint to allege ERISA causes of action for those claims that are preempted.  By the same date, Memorial Hermann must also identify, in its amended pleading or disclosures or in discovery responses, which of the 45 disputed claims arise under self-funded ERISA plans and which arise under HMO/PPOs covered by a UnitedHealthcare policy.

The reasons for these rulings are set out below.

I.      **Background**

In September 2006, Memorial Hermann and UnitedHealthcare entered into a Facility Participation Agreement ("Agreement").  The Agreement obligated Memorial Hermann to provide healthcare services to members of UnitedHealthcare health-maintenance organizations ("HMOs") and preferred-provider organizations ("PPOs").  In turn, UnitedHealthcare would pay Memorial Hermann for verified and authorized claims at rates set out in the Agreement.  (Docket Entry No. 1, Ex. 4, ¶ 9).

This lawsuit arose after UnitedHealthcare refused to pay 45 claims that Memorial Hermann submitted.  (*Id.*, ¶ 12).  The disputed claims fall into two categories.  Some relate to patients who are HMO/PPO members allegedly covered by a UnitedHealthcare policy.  Others relate to patients who are members of self-funded ERISA plans.  As to the second category, UnitedHealthcare acts as third-party administrator for the patients' claims.  (Docket Entry No. 8, at 4–5).  The disputed claims total approximately $1.1 million.[1]  (Docket Entry No. 1, Ex. 4, ¶ 14).  Memorial Hermann incorporated these claims, a spreadsheet summary of which it attached to its motion to remand, by

---

[1]  UnitedHealthcare alleges that these claims total approximately $1.5 million.  (Docket Entry No. 8, at 2).  The amount in controversy is not at issue in this motion.

reference in its state-court petition.  (*See* Docket Entry No. 6, Ex. A).  Memorial Hermann divides the disputed claims into three categories.  The first is claims that were denied on the basis of no coverage.  These claims comprise the majority of the disputed claims.  The second is claims that were denied based on the lack of notice or preauthorization, as required by the Agreement.  The third is claims that were denied based on the lack of medical necessity.  (*See* Docket Entry No. 6, ¶¶ 11–12).  UnitedHealthcare does not appear to dispute this division, although it adds claims that were denied based on the members' failure to cooperate in coordinating benefits in the third group.  (*See generally* Docket Entry No. 8).

According to UnitedHealthcare, "[s]everal of the claims in dispute involve ERISA-governed employee benefit plans that provide certain health benefits to eligible members and are sponsored and funded by employers for the benefit of their employees[.]" (*Id.*, at 4).  UnitedHealthcare has submitted documents summarizing three self-funded ERISA plans, (Docket Entry No. 2, Exs. 1–3), as well as exemplar claims submitted under those plans, (Docket Entry No. 2, Ex. 4).  As to claims relating to patients covered by self-funded plans, Memorial Hermann asserts negligent-misrepresentation causes of action.  It bases these causes of actions on the allegation that, following the patient's admission, UnitedHealthcare informed Memorial Hermann that the patient was covered by a healthcare plan, but UnitedHealthcare later denied the claim on the basis of no coverage.  As to claims relating to patients who are HMO/PPO members covered under UnitedHealthcare policies, Memorial Hermann asserts causes of action for breach of contract, negligence and negligent misrepresentation, violations of the Texas Insurance Code, promissory estoppel, and quantum meruit.  (Docket Entry No. 6, ¶ 2).

The question for the court is the extent to which Memorial Hermann's state-law causes of

action, on the current record, are preempted by ERISA.

## II.     The Legal Standards

"A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441(b)). Only one federal-law claim is required for proper removal. *E.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 129 S. Ct. 1862, 1865 (2009). "Under the well-pleaded complaint rule, a federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). An exception to this rule allows removal

> when Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character. Under the "complete preemption" doctrine, what otherwise appears as merely a state law claim is converted to a claim "arising under" federal law for jurisdictional purposes because the federal statute so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all.

*Id.* (internal quotation marks, citations, and alteration omitted). "ERISA is one of these statutes." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Id.* ERISA contains two preemption provisions: § 514(a), ERISA's expansive preemption provision, and § 502(a), the provision that may apply when § 514(a) is inapplicable. *See Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602–03 (5th Cir. 2006). These provisions "are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Davila*, 542 U.S. at 208 (internal quotation marks omitted). Under § 514(a), ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan[.]" 29 U.S.C.

§ 1144(a).  According to the Supreme Court, "a state law relates to an ERISA plan if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 147 (2001) (internal quotation marks omitted).   "Simultaneously, however, the Supreme Court recognizes that, given its broadest reading, the phrase 'relate to' would encompass virtually all state law." *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 382 (5th Cir. 2011) (citing *Egelhoff*, 532 U.S. at 146; and *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995)). For that reason, courts are to "go beyond the unhelpful text and the frustrating difficulty of defining ['relate to'], and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Access Mediquip*, 662 F.3d at 382 (quoting *Travelers*, 514 U.S. at 656).

The Fifth Circuit recently emphasized that whether ERISA preempts a state-law cause of action turns on whether it "is dependent on, and derived from[,] the rights of the plan beneficiaries to recover benefits under the terms of the plan." *Access Mediquip*, 662 F.3d at 383.  In *Access Mediquip*, the Fifth Circuit addressed state-law claims that were premised "on [an insurer's] misleading representations regarding the extent that the plan would reimburse [the healthcare provider] for it[s] services[.]" *Id.*  The court held that ERISA preemption does not apply to state-law misrepresentation causes of action that do not require the factfinder to determine whether "[the healthcare provider's] services were or were not fully covered under the  patient['s] plan." *Id.* at 385.  Instead, "[t]he finder of fact need only determine (1) the amount and terms of reimbursement that [the healthcare provider] could reasonably have expected given what could fairly be inferred from the statements [by the insurer], and (2) whether [the insurer]'s subsequent disposition of the reimbursement claims was consistent with that expectation." *Id.*

5

The issue presented by this motion is whether the misrepresentation and the related state-law causes of action are "dependent on, and derived from," the beneficiaries' rights under their plans.

## III.    Analysis

Memorial Hermann has asserted causes of action for breach of contract, violations of the Texas Insurance Code, and negligent misrepresentation.[2]  Alternatively, Memorial Hermann seeks recovery under the doctrines of promissory estoppel and quantum meruit.  UnitedHealthcare argues that some, if not all, of these causes of action and theories of recovery are preempted by ERISA. It is undisputed that many, if not all, of the patients are, or were, beneficiaries or participants in qualified ERISA plans.  *See generally Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 279 (5th Cir. 2008); (Docket Entry No. 2, Exs. 1–3).  It is also undisputed that these patients have assigned any rights to recover benefits to Memorial Hermann, (*see* Docket Entry No. 2, Ex. 4), giving Memorial Hermann the right to sue derivatively to enforce these disputed claims, *see Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 333–34 (5th Cir. 2005); *see also Davila*, 542 U.S. at 210.

As to the cause of action for breach of contract, Memorial Hermann alleged that UnitedHealthcare breached the Agreement by failing "to timely pay benefits for the medical treatment"—which Memorial Hermann alleges was "reasonable and necessary"—that "Memorial Hermann provided to such members."  (Docket Entry No. 1, Ex. 4, ¶¶ 16, 17).  As Memorial Hermann recognizes, some of these disputed claims were denied based on lack of medical necessity. To determine whether UnitedHealthcare breached the Agreement by denying Memorial Hermann's

---

[2]  Although Memorial Hermann describes this cause of action as one for negligence *and* negligent misrepresentation, its petition describes only a cause of action for negligent misrepresentation.  (*See* Docket Entry No. 1, Ex. 4, ¶¶ 25–30).

claims for that reason, this court must first consult the administrative record to determine whether the claims were excluded under the relevant ERISA plan terms. *See Access Mediquip*, 662 F.3d at 383. "Consultation of the plans' terms" is necessary. *Id.* at 385. Based on the current record, ERISA preempts the cause of action for breach of contract to the extent it is premised on UnitedHealthcare's determination that the medical treatment provided was not medically necessary.

The cause of action for negligent misrepresentation, by contrast, is not preempted. Memorial Hermann's original petition makes clear that this cause of action does not depend on the plan terms. Instead, Memorial Hermann alleges that it contacted UnitedHealthcare to receive verification and authorization for the medical treatment that the hospital would be providing to the members. UnitedHealthcare allegedly told Memorial Hermann that the patient was covered under the relevant ERISA plan. Memorial Hermann provided medical services to the members in reliance on those representations, but, after submitting the claims for reimbursement, was told by UnitedHealthcare that the services were not covered. (*See* Docket Entry No. 2, Ex. 4, ¶¶ 27–28). As in *Access Mediquip*, "[t]he merits of [Memorial Hermann]'s misrepresentation claims do not depend on whether its services were or were not fully covered under the patients' plans." 662 F.3d at 385. Instead, Memorial Hermann must prove what it was told by UnitedHealthcare's representatives, the amount and terms of reimbursement that Memorial Hermann reasonably could have expected based on those statements, and whether UnitedHealthcare's subsequent disposition of the reimbursement claims was inconsistent with that expectation. *See id.*

*Access Mediquip* similarly makes clear that Memorial Hermann's causes of action for violations of the Texas Insurance Code are not preempted. *See id.* at 383. These causes of action are premised on UnitedHealthcare's alleged misrepresentations. (*See* Docket Entry No. 2, Ex. 4,

¶ 22).  The factfinder must consider these misrepresentations, not plan terms, to resolve the claims.

*See Access Mediquip*, 662 F.3d at 383; *see also Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc.*, 164 F.3d 952, 955 (5th Cir. 1999) (explaining that a hospital's "state-law claims alleging common law misrepresentation and statutory misrepresentation under the Texas Insurance Code Art. 21.21 are not dependent on or derived from Davis's right to recover benefits under the Armco plan," and instead turn on "misrepresentations actionable under common law and the Texas Insurance Code").

Memorial Hermann alternatively asserts promissory estoppel as a theory of recovery. Memorial Hermann alleges that UnitedHealthcare

> made a promise to Memorial Hermann to pay its contracted amount pursuant to the Agreement for the medical care and treatment provided to its members.  Based upon [UnitedHealthcare]'s promise to Memorial Hermann, it was foreseeable by [UnitedHealthcare] that Memorial Hermann would rely on the promise to receive its contracted amount of reimbursement, and that Memorial Hermann substantially relied on the promise of its contracted reimbursement to its detriment.

(Docket Entry No. 1, Ex. 4, ¶ 31).  The court addressed a similar promissory-estoppel theory of recovery.  In *Access Mediquip*, the provider based its theory solely on the specific misrepresentations made by the insurance company in preauthorizing medical treatment for members.  662 F.3d at 380.  The Fifth Circuit found the promissory-estoppel theory not preempted because the issue was these specific misrepresentations.  Memorial Hermann's allegation in this case is more general.  As noted above, for those disputed claims that turn on the medical necessity of the treatment provided, this court will first have to consult the plan terms to determine whether there is an exclusion of coverage.  *See id.* at 385.  On the current record, ERISA preempts some of the claims asserted under Memorial Hermann's promissory-estoppel theory.

8

Memorial Hermann also asserts quantum meruit.  Memorial Hermann alleges that it

> furnished valuable medical services and treatment to members of
> [UnitedHealthcare] which its members accepted, and that the medical
> services and treatment were furnished under circumstances that
> reasonably notified [UnitedHealthcare] that Memorial Hermann
> expected to be paid its usual and customary, fair and reasonable
> amount of at least the contracted amount.

(Docket Entry No. 1, Ex. 4, ¶ 32).  As in *Access Mediquip*, Memorial Hermann can "recover under these claims only to the extent that the patients' ERISA plans confer on their participants and beneficiaries a right to coverage for the services provided."  662 F.3d at 386.  Memorial Hermann's cause of action for quantum meruit recovery is preempted.

## IV.   Conclusion

Based on the current record and recent authority, the causes of action for breach of contract, promissory estoppel, and quantum meruit are preempted by ERISA.  Memorial Hermann's motion to remand, (Docket Entry No. 6), is denied.   The nonpreempted state-law causes of action—negligent misrepresentation and violations of the Texas Insurance Code based on misrepresentation—are within this court's supplemental jurisdiction.  Memorial Hermann must amend to assert ERISA causes of action no later than **January 27, 2012**.  By the same date, Memorial Hermann must also identify, in its amended pleading or disclosures or in discovery responses, which of the 45 disputed claims arise under self-funded ERISA plans and which arise under HMO/PPOs covered by a UnitedHealthcare policy.  Memorial Hermann may later move for summary judgment on the absence of preemption as to additional specific claims.

SIGNED on January 11, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

9